**WIRTZ LAW APC**
Richard M. Wirtz (SBN 137812)
rwirtz@wirtzlaw.com
Amy R. Rotman (SBN 286128)
arotman@wirtzlaw.com
4370 La Jolla Village Drive, Suite 800
San Diego, CA 92122
Telephone: (858) 259-5009
Facsimile: (858) 259-6008
Email: eservice@wirtzlaw.com

Attorneys for Plaintiffs,
ALBERT PELTEKCI and HELEN PELTEKCI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT PELTEKCI and HELEN PELTEKCI,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No.:  2:22-cv-01201-SB-MAA<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**<br>2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs ALBERT PELTEKCI and HELEN PELTEKCI ("Plaintiffs") allege as follows against Defendant MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company ("MBUSA"), on information and belief, formed after an inquiry reasonable under the circumstances:

## JURISDICTION

1. The basis for federal court jurisdiction is diversity of citizenship per 28 U.S.C.A. § 1332.

2. Plaintiff ALBERT PELTEKCI is an individual residing in the City of La Verne, County of Los Angeles, and State of California.

3. Plaintiff HELEN PELTEKCI is an individual residing in the City of La Verne, County of Los Angeles, and State of California.

4. Defendant MBUSA is and at all relevant times was a Delaware Limited Liability Company with its principal place of business in the City of Sandy Springs, County of Fulton, State of Georgia, authorized to do business and conducting business throughout the State of California directly or via authorized sales agents and authorized repair facilities.

5. The amount in controversy is more than $75,000.00, not inclusive of interest and costs of court.

## GENERAL ALLEGATIONS

6. These causes of action arise out of MBUSA's statutory warranty and repair obligations. These causes of action do not arise out of any contract between MBUSA and Plaintiffs other than MBUSA's warranty contract. None of Plaintiffs' claims are dependent upon, founded in, or inextricably intertwined with any term in the lease contract.

7. All acts of corporate employees as alleged were authorized or ratified

by an officer, director, or managing agent of the corporate employer.

8. Defendant MBUSA was the principal, agent (actual or ostensible), or employee of MBUSA, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which MBUSA is liable to Plaintiffs for the relief prayed for herein.

9. On May 21, 2019, Plaintiffs leased a new 2019 Mercedes-Benz GLC 350E, VIN: WDC0G5EB6KF622387 ("Vehicle") from House of Imports in Buena Park, California. The Vehicle's odometer at purchase read 29 miles. The total of payments, including Plaintiffs' $3,500.00 down payment and a $595.00 vehicle turn in fee, was $26,946.50.

10. Defendant MBUSA expressly warranted that the Vehicle would be free from defects in materials, nonconformities, or workmanship during the applicable warranty period and to the extent the Vehicle had defects, Defendant MBUSA would repair the defects. Defendant MBUSA's express warranties include the New Vehicle Warranty, Rust Perforation Warranty, and California and Federal Emission Warranties. A true and correct copy of relevant portions of MBUSA's express warranty is attached as **Exhibit 1**.

11. MBUSA impliedly warranted that the Vehicle would be of the same quality as similar vehicles sold in the trade and that the Vehicle would be fit for the ordinary purposes for which similar vehicles are used.

12. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities under the warranty and developed other serious defects and nonconformities under the warranty, including but not limited to electrical, HVAC, engine, and transmission defects.

13. Plaintiffs hereby revoke acceptance of the Vehicle.

14. Pursuant to the Song-Beverly Consumer Warranty Act ("Act"), Civil Code sections 1790 *et seq.*, the Vehicle is subject to the Act and was used for covered purposes under the Act: personal, family, or household use.

15. Plaintiffs are each a "buyer" under the Act.

16. Defendant MBUSA is and was at all relevant times a "manufacturer" and/or "distributor" under the Act.

17. At all relevant times, Mercedes-Benz of West Covina ("MBWC") was and is an authorized repair facility of Defendant MBUSA.

18. At all relevant times, Mercedes-Benz of Los Angeles ("MBLA") was and is an authorized repair facility of Defendant MBUSA.

## PLAINTIFFS' EXPERIENCES

19. On October 5, 2019, Plaintiffs presented the Vehicle to Defendant MBUSA's authorized repair facility MBWC for repair. The repair order for this visit is number 778289. Plaintiffs reported that the Vehicle would shake and rattle when accelerating. Plaintiffs reported the shaking and rattling would happen more often when switching gears and increasing in RPMs. The technicians verified this concern, found a PTSS case with similar complaint, and performed a transmission down shift adaptation per the resolution of the PTSS case. During this repair visit, the technicians also performed a tire pressure check and multi-point inspection. The Vehicle was at the repair facility for four days and had 7,626 miles on the odometer at the time of presentation.

20. On November 30, 2019, Plaintiffs presented the Vehicle to Defendant MBUSA's authorized repair facility MBWC for repair. The repair order for this visit is number 782897. Plaintiffs reported that the check engine light was illuminated. The technicians verified the concern, found Diagnostic Trouble Codes ("DTCs") for high voltage battery coolant system faults, and found that the system was low/empty.

1  The technicians filled the high voltage battery coolant system. During this repair
2  visit, the technicians also performed a tire pressure check and multi-point inspection.
3  The Vehicle was at the repair facility for four days and had 8,568 miles on the
4  odometer at the time of presentation.

5  21.  On January 11, 2020, Plaintiffs presented the Vehicle to Defendant
6  MBUSA's authorized repair facility MBWC for repair. The repair order for this visit
7  is number 785914. Plaintiffs requested regular maintenance be performed. The
8  technicians performed the 10,000-mile maintenance service. During this repair visit,
9  the technicians also performed a tire pressure check and multi-point inspection. The
10 Vehicle was at the repair facility for one day and had 11,134 miles on the odometer
11 at the time of presentation.

12 22.  On July 27, 2020, Plaintiffs presented the Vehicle to Defendant
13 MBUSA's authorized repair facility MBWC for repair. The repair order for this visit
14 is number 797431. Plaintiffs reported that the battery light would illuminate, and the
15 air conditioning would stop working when the Vehicle would switch from Hybrid.
16 The technicians verified this concern, found DTCs U044200 and U108C02, but
17 attempted no repairs. During this repair visit, the technicians also performed a tire
18 pressure check and multi-point inspection. The Vehicle was at the repair facility for
19 three days and had 17,665 miles on the odometer at the time of presentation.

20 23.  On October 3, 2020, Plaintiffs presented the Vehicle to Defendant
21 MBUSA's authorized repair facility MBWC for repair. The repair order for this visit
22 is number 802134. Plaintiffs reported that the Vehicle's battery light would
23 illuminate, and the air conditioning would stop blowing cold air. The technicians
24 verified these concerns, and found DTCs U04200 and P0AC000 – sensor "A" for
25 battery current in the high voltage battery had a malfunction. The technicians found
26 four other PTSS cases with replacement of high voltage battery as repair. The
27 technicians replaced the high voltage battery. Plaintiffs also reported that the drivers'
28

side floor mat was coming apart. The technicians verified the concern and attempted no repairs. Plaintiffs also reported that the Vehicle would vibrate intermittently when reversing. The technicians failed to duplicate this concern and attempted no repairs. During this repair visit, the technicians also performed a tire pressure check and multi-point inspection. The Vehicle was at the repair facility for twelve days and had 19,894 miles on the odometer at the time of presentation.

24.  On January 19, 2021, Plaintiffs presented the Vehicle to Defendant MBUSA's authorized repair facility MBWC for repair. The repair order for this visit is number 810405. Plaintiffs reported that the Vehicle would studder when reversing. The technicians failed to duplicate this concern and attempted no repairs. Plaintiffs also reported that there was a violent thump felt when the Vehicle switched from gas engine to electric mode. The technicians failed to duplicate this concern and attempted no repairs. During this repair visit, the technicians also performed a tire pressure check and multi-point inspection. The Vehicle was at the repair facility for three days and had 23,487 miles on the odometer at the time of presentation.

25.  On January 21, 2021, Plaintiffs presented the Vehicle to Defendant MBUSA's authorized repair facility MBLA for repair. The repair order for this visit is number 216892. Plaintiffs reported that the Vehicle jerked when slowing down and coming to a stop. The technicians failed to duplicate this concern and attempted no repairs. Plaintiffs also requested that both front tires be replaced. The technicians replaced the front tires and performed a 4-wheel alignment. During this repair visit, the technicians also performed a tire pressure check and multi-point inspection. The Vehicle was at the repair facility for one day and had 23,518 miles on the odometer at the time of presentation.

26.  On March 31, 2021, Plaintiffs presented the Vehicle to Defendant MBUSA's authorized repair facility MBWC for repair. The repair order for this visit is number 816043. Plaintiffs reported that the Vehicle's check engine light was

illuminated. The technicians found DTC O04427A – slight leak in purge system. The technicians found a leak at the gas cap and replaced the gas cap. During this repair visit, the technicians also performed a tire pressure check. The Vehicle was at the repair facility for one day and had 26,585 miles on the odometer at the time of presentation.

27. On April 27, 2021, Plaintiffs presented the Vehicle to Defendant MBUSA's authorized repair facility MBLA for repair. The repair order for this visit is number 226236. Plaintiffs reported the Vehicle's battery light would illuminate. The technicians verified this concern, and found DTCs P126F64 – automatic engine start/stop system has a malfunction, and B1F4500 – starter battery has excessive resistance. The technicians replaced the starter motor. During this repair visit, the technicians also performed a tire pressure check and multi-point inspection. The technicians also noted that the Vehicle had a safety recall pending. Based on the repair order, it is unclear what safety recall the technicians found or whether this safety recall was performed. The Vehicle was at the repair facility for seven days and had 28,194 miles on the odometer at the time of presentation.

28. On June 7, 2021, Plaintiffs presented the Vehicle to Defendant MBUSA's authorized repair facility MBLA for repair. The repair order for this visit is number 230422. Plaintiffs reported that the Vehicle's check engine light would illuminate intermittently. The technicians verified the concern and found DTC P012800 – thermostat malfunction. The technicians replaced the thermostat and corrected the coolant level. The technicians also found that the water pump had shorted. The technicians replaced the water pump and re-corrected the coolant level. During this repair visit, the technicians also performed a tire pressure check and multi-point inspection. The Vehicle was at the repair facility for five days and had 30,261 miles on the odometer at the time of presentation.

29. On July 10, 2021, Plaintiffs presented the Vehicle to Defendant MBUSA's authorized repair facility MBWC for repair. The repair order for this visit is number 823547. Plaintiffs requested regular maintenance be performed. The technicians performed the 30,000-mile maintenance service. During this repair visit, the technicians also performed a tire pressure check and multi-point inspection. The Vehicle was at the repair facility for one day and had 31,366 miles on the odometer at the time of presentation.

30. On December 27, 2021, Plaintiffs presented the Vehicle to Defendant MBUSA's authorized repair facility MBWC for repair. The repair order for this visit is number 834879. Plaintiffs reported that the Vehicle's battery light had illuminated. The technicians verified the concern, and found DTCs P142A00 and P1CF500. The technicians found that the air conditioning compressor OHMS were too low. The technicians evacuated the air conditioner system, replaced the HVAC compressor, recharged the system, powered up the HVAC system, and charged the battery. Plaintiffs also requested that Campaign No. 2021110013 – Update SCN Coding in the Automatic Air Condition Control Unit be performed. The technicians performed this campaign. During this repair visit, the technicians also performed a tire pressure check and multi-point inspection. The Vehicle was at the repair facility for four days and had 39,362 miles on the odometer at the time of presentation.

31. On December 31, 2021, Plaintiffs presented the Vehicle to Defendant MBUSA's authorized repair facility MBWC for repair. The repair order for this visit is number 835209. Plaintiffs reported that the Vehicle's check engine light was illuminated. The technicians verified this concern and found DTC P1B9D28. The technicians found three other PTSS similar cases. The technicians special ordered the necessary parts Sensor B4/49 and attempted no repairs. During this repair visit, the technicians also performed a tire pressure check and multi-point inspection. The

Vehicle was at the repair facility for four days and had 39,372 miles on the odometer at the time of presentation.

32. As of the filing of this Complaint, the Vehicle continues to suffer from its defects. To the extent this is relevant for Plaintiffs' repair history, Plaintiffs have continued to present the Vehicle to Defendant MBUSA's authorized repair facilities after the warranty period to correct defects that MBUSA, through its authorized repair facility, failed to repair during repair opportunities during the warranty period.

33. MBUSA, through its authorized repair facilities, was given a reasonable number of opportunities to repair the Vehicle to conform to its express warranty but failed to do so. According to the repair records and information available as of the date this Complaint is filed, the Vehicle was out of service for at least fifty (50) days. Plaintiffs provided MBUSA and its authorized repair facilities at least two opportunities to repair the Vehicle to conform to MBUSA's express warranties.

34. Nothing in this summary of Plaintiffs' experiences shall be construed to limit discovery or the inclusion of further complaints or repair presentations not listed above.

## FIRST CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Express Warranty**

35. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

36. MBUSA expressly warranted the Vehicle would be free from defects in materials, nonconformity, or workmanship during the applicable warranty period and to the extent the Vehicle had defects, Defendant MBUSA would repair the defects. The express warranties, both original and extended, covering this Vehicle

are attached as **Exhibit 1.**

37. The Vehicle was delivered to Plaintiffs with serious defects and nonconformities under the warranty and developed other serious defects and nonconformities under the warranty, as described above.

38. Pursuant to the Act, Civil Code sections 1790 *et seq*. the Vehicle is subject to the Act and was used for purposes covered by the Act.

39. Plaintiffs are each a "buyer" under the Act.

40. Defendant MBUSA is a "manufacturer" and/or "distributor" under the Act.

41. The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the Vehicle.

42. Plaintiffs delivered the Vehicle to MBUSA and its authorized repair facilities for repair of the nonconformities.

43. Defendant MBUSA, through its authorized repair facilities, was unable to conform the Vehicle to the applicable express warranties after a reasonable number of repair attempts.

44. Notwithstanding Plaintiffs' entitlement, Defendant MBUSA has failed to either promptly replace or repurchase the Vehicle in accordance with the Act.

45. By failure of MBUSA to remedy the defects as alleged above, or to repurchase or replace the Vehicle, MBUSA is in breach of its obligations under the Act.

46. Under the Act, Plaintiffs are entitled to damages pursuant to Civil Code sections 1793.2 and 1794, *et seq*.

47. Plaintiffs are entitled to recover all incidental and consequential damages pursuant to Civil Code section 1794, *et seq*. and Commercial Code, sections 2714 and 2715, *et seq*.

-10-
PELTEKCI, ET AL. v. MERCEDES-BENZ USA, LLC –
FIRST AMENDED COMPLAINT

48. Plaintiffs are entitled under the Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses and actual attorney's fees reasonably incurred in connection with the commencement and prosecution of this action.

49. Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for MBUSA's willful failure to comply with its responsibilities under the Act.

50. Plaintiffs are entitled to prejudgment interest pursuant to Civil Code section 3287.

## SECOND CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Implied Warranty

51. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

52. Defendant MBUSA had reason to know the purpose of the Vehicle and impliedly warranted the Vehicle per Civil Code section 1790, *et seq*.

53. The Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with the defects described above.

54. The Vehicle was not of the same quality as those generally acceptable in the trade because it was equipped with the defects described above.

55. Plaintiffs were harmed, and MBUSA's breach of the implied warranty was a substantial factor in causing Plaintiffs' harm.

56. Plaintiffs are entitled to justifiably revoke acceptance of the Vehicle under Civil Code, section 1794, *et seq*;

57. Plaintiffs hereby revoke acceptance of the Vehicle.

58. Under the Act, Plaintiffs are entitled to damages pursuant to Civil Code

1 section 1794, *et seq*.

2     59.    Plaintiffs are entitled to recover all incidental and consequential damages pursuant to 1794 *et seq*. and Commercial Code, sections 2714 and 2715, *et seq*.

    60.    Plaintiffs are entitled under the Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses and actual attorney's fees reasonably incurred in connection with the commencement and prosecution of this action.

    61.    Plaintiffs are entitled to prejudgment interest pursuant to Civil Code section 3287.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs pray for judgment against Defendant MBUSA as follows:

1. For general, special and actual damages according to proof at trial;
2. For rescission and restitution of all monies expended;
3. For compensatory damages;
4. For diminution in value;
5. For incidental and consequential damages according to proof at trial;
6. For civil penalty in the amount of two times Plaintiffs' actual, incidental, and consequential damages;
7. For prejudgment interest at the legal rate of 10% per annum;
8. For actual attorney's fees and costs of suit; and
9. For such other and further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

1. Plaintiffs hereby demand trial by jury in this action.

Dated: March 18, 2022        **WIRTZ LAW APC**

By: */s/ Richard M. Wirtz*
Richard M. Wirtz
Amy R. Rotman
Attorneys for Plaintiffs,
ALBERT PELTEKCI and
HELEN PELTEKCI